## JOHN STANSIFER *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—428.]

**Self-Defense in Murder.**

> An instruction to the jury in a murder case, where there was some evidence of a fight leading up to the murder, is correct which states to the jury "That the defendant had the right to use any and all means then at his command that were necessary or apparently necessary to ward off or prevent such impending or apparently impending loss of life or great harm." From this instruction the jury must have understood that in the state of case presented the defendant would have the right even to take the life of his assailant.

### APPEAL FROM GRANT CIRCUIT COURT.

#### November 1, 1883.

OPINION BY JUDGE LEWIS:

There is some conflict in the testimony whether the deceased assaulted the accused before he was shot or not. Two of five persons who were at the saloon at the time Neal was killed by appellant testify substantially that appellant was first assaulted, but only one of them stated that he was struck by deceased. The other witnesses present testify that there was no quarreling, no noise or fighting before the pistol was fired, which was at the time so near deceased as to set his clothes on fire.

But whatever may be the uncertainty about how the difficulty commenced and who commenced it, on account of the darkness of the night and inability of the witness to see distinctly, all who were present testify that appellant shot and killed Neal and said immediately after the shot, in substance, "I won't let any man strike me twice and not resent it." Appellant's explanation completely negatives the idea that he shot the deceased accidentally, and there is no fact proved showing or tending to show that he did not, firing with a pistol so near to his victim as to ignite his clothes, intend to kill.

The facts of this case did not authorize nor justify an instruction as to the law of involuntary manslaughter, and the court did not err in refusing to give it. It is also objected that the court refused to amend an instruction given by adding the words "even to taking of

life." While the addition of the words might not have been improper, we do not think that appellant was prejudiced by the action of the court, for in a hypothecated state of case the jury were told in the instruction which appellant desired amended "that the defendant had the right to use any and all means then at his command that were necessary or apparently necessary to ward off or prevent such impending or apparently impending loss of life or great harm." We think the idea is fully conveyed and that the jury must have understood from the instruction as given by the court that in the state of case presented appellant would have the right even to take the life of his assailant, and the instruction therefore did not need amendment.

The judgment must be *affirmed*.

*Warren Montfort, for appellant.*

*P. W. Hardin, for appellee.*